IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ERIK M. WEEKLY, Register No. 526098, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4089-CV-C-NKL |
| | ) | |
| MIKE CAHALIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Erik M. Weekly, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Plaintiff names as defendants numerous personnel of the Missouri Department of Corrections.

In support of his claims for relief, plaintiff alleges defendants Mike Cahalin and Mario Campa used excessive and unnecessary force on him while executing a strip search. Plaintiff further alleges that false disciplinary charges were filed against him and he was confined in a strip cell for ten days.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims that he was wrongfully issued a conduct violation are, in essence, due process claims. To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 710-12 (1976). The Due Process Clause does not protect prisoners from every adverse change in their confinement. Sandin v. Connor, 515 U.S. 472, ___, 115 S. Ct. 2293, 2297 (1995).

Plaintiff's allegation that false disciplinary charges were filed against him and that he was put in segregation as a result of such charges, in violation of his due process rights, fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 710-12 (1976). The Due Process Clause does not protect prisoners from every adverse change in their confinement. Sandin v. Connor, 515 U.S. 472, ___, 115 S. Ct. 2293, 2297 (1995). If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause. Montayne v. Haymes, 427 U.S. 236, 242 (1976). See also Hewitt v. Helms, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population). Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." Sandin, 115 S. Ct. at 2301.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation. Id. at 2299-2300. Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 2300. Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. Id. at 2301.

Accordingly, any liberty interest plaintiff may have must be an interest in the nature of his confinement. There is no liberty interest in the use of certain procedures. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements")). Thus, any allegation by plaintiff that prison policy and procedure were not followed with regard to the

issuance of the conduct violation against him, fails to identify a liberty interest protected by Fourteenth Amendment Due Process.

Furthermore, an inmate who makes a due process challenge to his confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2001). It has been consistently held that assignment to segregation, even without cause, is not itself an atypical and significant hardship. Phillips v. Norris, 320 F.3d at 847. Furthermore, confinement in a strip cell has been held not atypical. Williams v. Delo, 49 F.3d 442 (8th Cir. 1995) (4 days not unconstitutional). Plaintiff has provided no allegations or information that indicate his assignment to administrative segregation resulted in an atypical and significant hardship in relation to the ordinary incidents of prison life. Accordingly, plaintiff has failed to identify a liberty interest to sustain his due process claims with regard to his assignment to segregation and his claims should be dismissed for failure to state a claim. Portley El v. Brill, 288 F.2d at 1065-66.

Assuming that the Due Process Clause is implicated because the discipline imposed is considered "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin v. Connor, 515 U.S. 472 (1995), the court then considers whether plaintiff was afforded minimal due process protections.

Although plaintiff's allegations against defendants Cahalin and Campa regarding excessive use of force may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $32.53[1] toward the filing fee. Plaintiff should contact prison officials to have the

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward

3

initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Plaintiff has also filed motions for preliminary injunctive relief. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

---

payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

4

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

At this time, it does not appear necessary to grant plaintiff's motions for preliminary injunctive relief to prevent defendants from physically abusing or otherwise injuring him. The fact that this case is going forward will give the court sufficient oversight and discourage such conduct.

Plaintiff further filed a motion for appointment of counsel, pursuant to 28 U.S.C. § 1915. There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in <u>Ferguson v. Fleck</u>, 480 F. Supp. 219 (W.D. Mo. 1979), at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. <u>Green v. Wyrick</u>, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." <u>Mallard v. United States Dist. Court for the Southern Dist. of Iowa</u>, 490 U.S. 296, 310 (1989).

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff's claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [5]. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his claims against defendants Mike Cahalin and Mario Campa regarding excessive use of force. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $32.53 toward the $350.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

ORDERED that defendants Cahalin and Campa answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's claims regarding false disciplinary charges and confinement in a strip cell and all claims against the remaining defendants be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

RECOMMENDED that plaintiff's motions for preliminary injunctive relief be denied [4].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 31st day of May, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge