# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ERIK M. WEEKLY, Register No. 526098,    )
                                         )
                    Plaintiff,           )
                                         )
            v.                           )    No. 06-4089-CV-C-NKL
                                         )
MIKE CAHALIN, et al.,                    )
                                         )
                    Defendants.          )

## ORDER

On May 31, 2006, the United States Magistrate Judge recommended that plaintiff's claims regarding false disciplinary charges and confinement in a strip cell and all claims against defendants Steve Long, Dave Dormire, Arthur Woods, Jay Cassady, Jerry Ellison, Jim Crosby, Tina Arnold, William Green, John Doe and C.O.I Jane Doe be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. The Magistrate Judge further recommended that plaintiff's motions for preliminary injunctive relief be denied. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on June 16, 2006, and amended complaint filed on June 19, 2006. The issues raised in plaintiff's exceptions and amended complaint were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff's allegations challenging disciplinary charges and assignment to segregation fail to state a due process claim. Allegations that prison policy and procedure were not followed in the issuance of the conduct violations against him fail to identify a liberty interest protected by Fourteenth Amendment due process. Plaintiff has no liberty interest in defendants following prison policy or procedure. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state

law procedural requirements.")).  Plaintiff's allegations that he received assignment to strip cell and administrative segregation in response to such conduct violations also fail to identify a liberty interest protected by due process.  An inmate who makes a due process challenge to his confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'"  Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2001).  It has been consistently held that assignment to segregation, even without cause, and the loss of privileges that accompanies such assignment does not constitute an atypical and significant hardship.  Phillips v. Norris, 320 F.3d at 847.

Plaintiff's allegations challenging his assignment to segregation and a strip cell for ten days fail to state an Eighth Amendment claim.  Plaintiff fails to allege his assignment to segregation was punishment that involved the "unnecessary and wanton infliction of pain" and was "grossly out of proportion to the severity of the crime." Gregg v. Georgia, 428 U.S. 153 (1976).  Conditions are not cruel and unusual merely because they are harsh or uncomfortable. Farmer v. Brennan, 511 U.S. 825, 832 (1994).  To be cruel and unusual, the plaintiff must be deprived of one or more of the basic necessities of life.  Brown v. Nix, 33 F.3d 951 (8th Cir. 1994).  Plaintiff's claims do not allege he was denied the basic necessities of life while in segregation or in a strip cell.  The Eighth Circuit has held the mere fact that an inmate is confined in a strip cell is not unconstitutional.  Williams v. Delo, 49 F.3d 442 (8th Cir. 1995). There is no constitutional right not to be put in a cell without clothes or bedding.  Id.

To the extent plaintiff alleges his duration in administrative segregation for thirteen months constituted cruel and unusual punishment, the court notes that the Eighth Circuit has upheld significantly longer periods of segregation as not a violation of the Eighth Amendment. See Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994) (upheld nine-year sentence to segregation not a violation of the Eighth Amendment); see also Herron v. Schriro, 11 Fed. Appx. 659, 662, 2001 WL 360479 (8th Cir. (Iowa) 2001) (unpublished) (Eighth Amendment claims rejected upon finding no sufficiently serious deprivation, even considering the thirteen years of administrative segregation confinement).

IT IS, THEREFORE, ORDERED that the Magistrate Judge's May 31, 2006 Report and Recommendation is adopted [7].  It is further

2

ORDERED that plaintiff's claims of false disciplinary charges, confinement to a strip cell and administrative segregation and all claims against defendants Steve Long, Dave Dormire, Arthur Woods, Jay Cassady, Jerry Ellison, Jim Crosby, Tina Arnold, William Green, John Doe and C.O.I Jane Doe are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A. It is further

ORDERED that plaintiff's motions for preliminary injunctive relief be denied [4].

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: August 8, 2006
Jefferson City, Missouri